Raymond J. Morfa and Walter .W. Morfa, trading as Morfa Brothers, Appellants, v. J. M. Rhodes and H. A. Doner, trading as Graceland Garage, Appellees.

## Gen. No. 24,197.

AUTOMOBILES AND GARAGES, § 5*—*when garage keeper not entitled to lien on car and may not replevin it.* Under the Act of June 21, 1917, sec. 3a, relating to liens by garage keepers upon motor vehicles "kept by them" for charges for keeping and repairs, and section 3b, providing for replevin of motor vehicles, upon which garage keepers acquire liens, anywhere within the jurisdiction of the court, garage keepers are not entitled to a lien for charges where they have voluntarily allowed the owner to take his car away, and may not maintain an action of replevin to recover possession thereof.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed March 12, 1919. Rehearing denied March 25, 1919.

RYAN & LEWIS, for appellants.

A. B. DUNNING and ABEL L. ALLEN, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On December 31, 1917, the plaintiffs filed an affidavit in replevin, alleging, among other things, that they were entitled to the possession of a certain Marmon limousine automobile; that ''on the 15th day of December, 1917, J. M. Rhodes and H. A. Doner (the defendants) doing business as Graceland Garage, wrongfully took and now wrongfully detain'' the said automobile. On December 31, 1917, based on the above-mentioned affidavit, a writ of replevin was duly issued and served and the automobile taken by the sheriff from the defendants and delivered, pursuant to the writ of replevin, to the plaintiffs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On January 9, 1918, each of the defendants filed a separate plea, setting up that the plaintiffs' action would not lie; that the automobile was the property of the defendant, J. M. Rhodes, and praying for a return of the automobile and for damages and costs.

The evidence of Walter W. Morfa is to the effect that Walter W. Morfa and Raymond J. Morfa were partners and conducted a licensed automobile garage; that they, the plaintiffs, had a claim in the sum of $125.11 against the defendant, Rhodes; that in various conversations with Walter W. Morfa, the defendant, Rhodes, admitted the account and stated that he would pay it later on. The witness was examined somewhat concerning an itemized statement but the contents of that statement do not appear in the record. He was asked concerning an item "December 14th, to parking" and stated that the automobile in question was taken on December 14th by the defendant, Rhodes, into the plaintiffs' garage. The defendant evidently bought merchandise of the plaintiffs from time to time and kept an open account with them, and at various times his automobile was in the garage of the plaintiffs. On December 14, 1917, the time referred to by Walter W. Morfa, the automobile was in the garage of the plaintiffs for 3 hours and in that time nothing was done upon it; it was there merely in storage, and at the end of the 3 hours it was taken out, apparently without objection, by the defendant Rhodes.

The plaintiff, John Morfa, testified that the defendant, Rhodes, brought the automobile into the plaintiffs' garage at about 7:15 on the evening of December 14, 1917, and that it was in there for about 3 hours. No other evidence was introduced. On January 16, 1918, the trial judge entered judgment that the defendants "have and recover of and from the plaintiff the possession of the property replevied, herein, and that a writ of *retorno habendo* issue herein for the return of said property." From that judgment this appeal is taken.

The contention of the defendants is "that where a party stores an automobile for another he thereby acquires a lien and notwithstanding the fact that he allows the same to go out of his possession, he may maintain an action of replevin for the purpose of enforcing the same."

The statute dated June 21, 1917, which was an act to amend an act entitled "An act to revise the law in relation to liens" provides as follows: Section 3a "Garage keepers shall have a lien upon any motor vehicle, * * * kept by them, for the proper charges due for the keeping thereof, the repair thereof, the materials furnished thereto and the expenses bestowed thereon at the request of the owner," etc. By section 3b it is provided that "Any garage keeper acquiring a lien under the provisions of this act upon any motor vehicle * * *. may replevin the same * * * for the purpose of enforcing such lien and thereby seize and secure the possession of said motor vehicle * * * wherever the same may be found within the jurisdiction of the court * * *," etc.

Inasmuch as it is provided in section 3a that garage keepers shall have a lien upon any motor vehicle "kept by them" for the proper charges due for the keeping thereof, it seems difficult to conclude that the legislature intended that a party out of possession through his own voluntary act, as in the instant case, may bring replevin. The words, "Any garage keeper acquiring a lien under the provisions of this act" which occur in section 3b, would seem to refer to such a lien as is given in section 3a, and such a lien is only given where the motor vehicle is "kept by them," and has been taken out of the possession of the lienor against his will. In the instant case, when the replevin suit was instituted by the plaintiffs the automobile was in the possession of the owner, J. M. Rhodes, with the consent of the plaintiffs.

Counsel for the plaintiffs seem to argue that if a garage keeper at any time has possession of an auto-

Burge v. Englewood M. C. and G. Co., 213 Ill. App. 357.

mobile he may thereafter, even though voluntarily he has allowed the automobile to get out of his possession, maintain a lien. With that we are unable to agree. Inasmuch, therefore, as the evidence shows that at the time of the institution of the replevin suit the automobile was rightfully in the possession of the owner, one of the defendants, and the only obligation of the defendants to the plaintiffs was on an open account, for merchandise sold by the plaintiffs to the defendants, we are of the opinion that replevin would not lie.

Finding no error in the record the judgment is affirmed.

*Affirmed.*